IN DISTRICT COURT, COUNTY OF CASS, STATE OF NORTH DAKOTA

| | | |
|---|---|---|
| Gast Construction Co., Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | Case No. _____ |
| A&T Europe S.P.A. d/b/a/ | ) | |
| Myrtha Pools USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Gast Construction Co., Inc. for its cause of action, states and alleges as follows:

## PARTIES

[¶1]    Plaintiff Gast Construction Co., Inc. ("Gast") is a North Dakota corporation with a principal address of 1722 17th Avenue North, Wahpeton, North Dakota 58074.

[¶2]    Defendant A&T Europe S.P.A. d/b/a/ Myrtha Pools USA, Inc. ("Myrtha") is a Florida corporation with a principal address of 1800 Second Street Suite 758, Sarasota, Florida 34236. Upon information and belief, John Ireland is an officer of Myrtha, serving as its chief technical officer.

## JURISDICTION AND VENUE

[¶3]    This court has subject matter jurisdiction over the contract claim in this action.

[¶4]    This court has personal jurisdiction over the parties because Plaintiff is domiciled and has its principal place of business in North Dakota, and the contract between Plaintiff and Defendant (the "parties") relates to construction work performed on real property located in Fargo, North Dakota.

1

[¶5]     Venue is proper in Cass County because the contract related to construction work performed in Cass County.

## FACTUAL BACKGROUND

[¶6]     In 2023, Gast was hired to serve as the construction manager as advisor role for a remodeling project (the "Project") of the Fargo Park District Island Park Pool (the "pool"). Gast oversaw the Project and provided general working labor but did not perform any of the pool structure work.

[¶7]     Myrtha was a subcontractor on the Project and was hired to serve as the pool delegated designer and provider.

[¶8]     In July 2024, the Project was halted after damage to the pool wall panels was noticed.

[¶9]     On or about December 20, 2024, a contract—signed by John Ireland on behalf of Myrtha and Jordan Vadnais on behalf of Gast—was entered between the parties, which detailed a remediation effort necessary to finish the Project on time. Attached hereto as **Exhibit A** is a copy of the contract.

[¶10]     John Ireland formally confirmed the contract, stating that "Myrtha agree[d] to take on the specified costs for the required effort to remediate the damage that occurred" during the Project. Additionally, Myrtha "authorize[d] Gast to proceed on a not to exceed basis," indicating the "not to exceed amount ha[d] been agreed to by [Myrtha and Gast] and a work authorization ha[d] been executed." Attached hereto as **Exhibit B** is a copy of Ireland's formal confirmation.

[¶11]     Myrtha contracted that Gast would provide services concerning backfill removal and replacement at a projected cost of, but not-to-exceed, $298,680.00.

[¶12]    With the parties in contract as to a remediation plan, Gast started the pool remediation in late-December 2024, or early-January 2025, and the Project was completed on time.

[¶13]    Among other things, the remediation effort required removal of backfill materials behind the pool wall panels, replacement of the pool wall panels, and reintroduction of backfill materials behind the pool wall panels.

[¶14]    During the course of the Project remediation, Gast incurred expenses and sent two invoices to Myrtha. Attached hereto as **Exhibit C** is invoice #7197, dated March 7, 2025, which was for $121,151.04 for material, equipment, and labor required to remediate the pool through February 28, 2025. *See* Exhibit C. Attached hereto as **Exhibit D** is invoice #7329, dated May 29, 2025, which was sent to Myrtha for an additional $177,528.96. *See* Exhibit D. The amount of the remediation work performed by Gast exceeded the agreed upon not-to-exceed amount; accordingly, the sum of the two invoices equals $298,680.00, which represents the not-to-exceed amount Myrtha agreed to pay Gast.

[¶15]    Myrtha issued a Certificate of Guarantee dated June 24, 2025, providing that date as that of "substantial completion" and "that the product components of the Myrtha Pool structure will perform the functions for which they have been designed. . . ." Attached hereto as **Exhibit E** is a copy of the certificate of guarantee.

[¶16]    Despite the pool being open for the summer pool season of 2025, and despite entering a legally binding and enforceable contract to compensate Gast in an amount not-to-exceed $298,680.00, Myrtha has failed to pay the invoices.

## COUNT I: BREACH OF CONTRACT

[¶17]    Gast incorporates the preceding allegations as if fully set forth herein.

3

[¶18]   Gast and Myrtha were capable of contracting.

[¶19]   Gast and Myrtha consented to the contract. The consent of the parties was free, mutual, and communicated by each to the other—both agreed upon the same thing in the same sense.

[¶20]   Myrtha agreed through the lawful contract with Gast to provide payment in the amount of $298,680.00 for Gast's construction services necessary to complete the Project.

[¶21]   Gast performed its obligation under the contract.

[¶22]   Myrtha breached the contract by failing to provide any payment to Gast for its services.

[¶23]   As a result of the breach, Gast has sustained damages amounting to no less than $298.680.00 and attorney's fees.

## COUNT II: UNJUST ENRICHMENT

[¶24]   Gast incorporates the preceding allegations as if fully set forth herein.

[¶25]   Gast conferred benefits upon Myrtha by providing Myrtha with Gast's services, consisting of the provision of time and materials.  Myrtha was enriched through receiving such benefits from Gast.

[¶26]   Myrtha knowingly received and retained the value of time, materials, and services from Gast without compensating Gast for the same.  Myrtha's failure to compensate Gast has left Gast impoverished.

[¶27]   There is a connection between the enrichment received by Myrtha and the impoverishment of Gast.

[¶28]   There is an absence of justification for the enrichment and the impoverishment.

[¶29]   Gast's unjust enrichment claim is pled as an alternate claim for relief; should Gast's breach of contract claim fail for any reason Gast will have an inadequate remedy at law.

## **PRAYER FOR RELIEF**

[¶30]   WHEREFORE, Plaintiff Gast Construction Co., Inc. hereby requests the following relief against the Defendant:

A. Damages amounting to at least $298,680.00;

B. Costs, disbursements, attorney's fees, pre- and post-judgment interest as permitted by law; and

C. Such other legal and equitable relief as the Court deems just and proper.

Dated: January 16th, 2026.

    /s/ Ryan C. McCamy
Ryan C. McCamy (ND ID #06420)
Jack B. Blotsky (ND ID #10058)
Conmy Feste Ltd.
3369 45th Street South
Fargo, ND 58104
Tel: (701) 293-9911
rmccamy@conmylaw.com
**ATTORNEYS FOR PLAINTIFF
GAST CONSTRUCTION CO., INC.**