UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Gast Construction Co., Inc., <br><br> Plaintiff, <br><br> vs. <br><br> A&T Europe S.P.A. d/b/a Myrtha Pools USA, Inc., <br><br> Defendant. | Case No. 3:26-cv-51 <br><br><br> **ANSWER AND COUNTERCLAIM** |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant A&T Europe S.P.A d/b/a Myrtha Pools USA, Inc. ("Myrtha") for its Answer, Affirmative Defenses, and Counterclaim to Plaintiff Gast Construction Company, Inc. ("Gast" or "Plaintiff"), states as follows:

### PARTIES

1.      Myrtha lacks sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.      As to paragraph 2 of Plaintiff's Complaint, Myrtha admits that A&T Europe S.p.A. is an Italian società per azioni with its principal place of business in Italy, and that Myrtha Pools USA, Inc. is a separate Florida corporation that is a wholly-owned subsidiary of A&T Europe S.p.A. To the extent Plaintiff's caption characterizes the entities as "d/b/a," Defendant denies that A&T Europe S.p.A. and Myrtha Pools USA, Inc. are the same legal entity and otherwise denies the remaining allegations of paragraph 2 and puts Plaintiff to its strict burden of proof thereon.

1

**JURISDICTION AND VENUE**

3.      Paragraph 3 of Plaintiff's Complaint contains a legal conclusion to which no response is required, but to the extent a response is required, Myrtha admits that the United States District Court for the District of North Dakota has subject matter jurisdiction over this action.

4.      Paragraph 4 of Plaintiff's Complaint contains a legal conclusion to which no response is required, but to the extent a response is required, Myrtha admits that the United States District Court for the District of North Dakota has personal jurisdiction over this action.

5.      Paragraph 5 of Plaintiff's Complaint contains a legal conclusion to which no response is required, but to the extent a response is required, Myrtha admits that the United States District Court for the District of North Dakota is a proper venue for this action.

6.      Myrtha lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.      Myrtha alleges that it was a limited supplier of material for the Fargo Park District Island Pool project (the "Project"), and denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      As to paragraph 8 of Plaintiff's Complaint, Myrtha alleges that deformation/damage was observed at the Project in or about July 2024. Myrtha denies that it caused the damage. Myrtha further alleges the damage was caused, in whole or in part, by Gast and/or other contractors over whom Gast exercised control or oversight in its role as Construction Manager and Advisor, including failures to comply with the Project's design and construction specifications relating to site work and backfill, as more fully alleged in Myrtha's Counterclaims below, and otherwise denies the remaining allegations.

9.     As to paragraph 9 of Plaintiff's Complaint, Myrtha admits that on or about December 20, 2024, its representative (Ireland) signed the document dated December 20, 2024 that is attached to Plaintiff's Complaint. Myrtha denies, however, that the December 20, 2024 document constitutes a binding and enforceable contract with Plaintiff obligating Myrtha to pay Plaintiff's claimed remediation costs, denies that the document reflects mutual assent to the material terms alleged by Plaintiff, and denies that Plaintiff has performed all conditions precedent to any recovery. Myrtha further states that, to the extent Plaintiff contends the December 20, 2024 document has contractual effect, it is void or voidable based on misrepresentations and/or material omissions concerning Project compliance and backfill conditions, as more fully alleged in Myrtha's Counterclaims below. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 9.

10.     As to paragraph 10 of Plaintiff's Complaint, Myrtha admits that on or about December 20, 2024, its representative (Ireland) sent the letter dated December 20, 2024 that is attached to the Complaint as Exhibit B. Myrtha further admits that the letter states, among other things, that it is provided "for the benefit of the City" in connection with the Project. Myrtha denies, however, that Exhibit B constitutes a contract with Plaintiff, denies that Exhibit B was made for the benefit of Plaintiff or created enforceable obligations running to Plaintiff beyond its express terms, and denies that Exhibit B obligates Myrtha to pay Plaintiff's claimed remediation invoices. To the extent Plaintiff contends Exhibit B has contractual effect or supports Plaintiff's entitlement to payment, Myrtha alleges that any such effect is void or voidable based on misrepresentations and/or material omissions concerning Project compliance and backfill conditions, as more fully alleged in Myrtha's Counterclaims below. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 10.

11.    As to paragraph 11 of Plaintiff's Complaint, Myrtha admits that, in or about December 2024, it expressed a willingness to assist with remediation efforts in order to facilitate completion of the Project and as an accommodation to the Fargo Park District/owner. Myrtha denies that it entered into any enforceable agreement with Plaintiff obligating Myrtha to pay Plaintiff's claimed remediation charges, denies that any such undertaking was "for the benefit of" Plaintiff, and denies that the amounts and obligations alleged by Plaintiff were mutually agreed to or supported by adequate consideration. To the extent Plaintiff contends that any December 2024 communications or Exhibit B created contractual obligations running to Plaintiff, Myrtha alleges that any such obligations are void or voidable based on misrepresentations and/or material omissions regarding Project compliance and backfill conditions, as more fully alleged in Myrtha's Counterclaims below. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 11.

12.    As to paragraph 12 of Plaintiff's Complaint, Myrtha denies the allegation that "the parties [were] in contract" as to a remediation plan. Myrtha admits, on information and belief, that Gast performed certain work at the Project beginning in or around late December 2024 and/or early January 2025, but Myrtha lacks sufficient information to admit or deny Gast's allegations regarding the precise start date(s) and whether the Project was "completed on time," and therefore denies the same. Myrtha further denies any allegation that Gast's remediation work and charges were necessitated by any act or omission of Myrtha or are recoverable from Myrtha as alleged. Myrtha contends that the conditions giving rise to remediation, including backfill and specification-compliance issues, were within the scope of responsibility of Gast and/or other contractors over whom Gast exercised control or oversight in its role as Construction Manager and Advisor, and that Myrtha's participation was induced by misrepresentations and/or material

4

omissions, as more fully alleged in Myrtha's Counterclaims below. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 12.

13. As to paragraph 13 of Plaintiff's Complaint, Myrtha admits, on information and belief, that remediation activities at the Project included removal and replacement of certain backfill material behind the pool wall panels, and that certain pool wall panels were removed and replaced. Myrtha denies any implication that such remediation was required due to any defect in Myrtha's supplied goods or any act or omission by Myrtha. Myrtha further denies that it selected, placed, or installed backfill materials or otherwise had responsibility for site work or backfill conditions, and denies that it had control over the means and methods of construction relating to such work. Myrtha contends that the conditions requiring remediation, including backfill and specification-compliance issues, were within the scope of responsibility of Plaintiff and/or other contractors over whom Plaintiff exercised control or oversight in its role as Construction Manager and Advisor, and that Myrtha's participation was induced by misrepresentations and/or material omissions, as more fully alleged in Myrtha's Counterclaims below. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 13.

14. As to paragraph 14 of Plaintiff's Complaint, Myrtha admits that Plaintiff sent invoices identified as Invoice No. 7197 dated March 7, 2025, and Invoice No. 7329 dated May 29, 2025, and that the invoices state amounts of $121,151.04 and $177,528.96, respectively. Myrtha denies, however, that Plaintiff's invoices establish that Plaintiff incurred reasonable, necessary, or recoverable expenses "required" to remediate the pool, and denies that Plaintiff's work and charges were caused by any act or omission of Myrtha. Myrtha further denies that the parties entered into any enforceable agreement obligating Myrtha to pay Plaintiff's claimed remediation invoices, denies that Myrtha agreed to any "not-to-exceed" amount as alleged, and denies that Plaintiff's

characterization of the invoices as equaling an "agreed upon" amount creates contractual liability. Myrtha also denies that Plaintiff has provided the documentation, transparency, and cost support necessary to substantiate the scope, pricing, and reasonableness of the charges claimed, and denies that any amounts billed beyond any alleged "not-to-exceed" figure are recoverable. To the extent Plaintiff contends otherwise, Myrtha alleges that any agreement Plaintiff relies upon is void or voidable due to misrepresentations and/or material omissions regarding Project compliance and backfill conditions, and that the underlying conditions necessitating remediation were within the scope of responsibility of Plaintiff and/or other contractors, as more fully alleged in Myrtha's Counterclaims below. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 14.

15.     As to paragraph 15 of Plaintiff's Complaint, Myrtha admits that Exhibit E is a document titled "Certificate of Guarantee" bearing a date of June 24, 2025 and referencing "substantial completion." Myrtha denies that it issued Exhibit E as alleged by Plaintiff. Myrtha further denies that Exhibit E creates any contractual obligations running to Plaintiff or constitutes any admission of fault, causation, or liability for Plaintiff's claimed remediation costs.  Myrtha further states that Exhibit E does not reflect an issued guarantee applicable to Plaintiff's claims. To the extent Plaintiff contends Exhibit E has any legal effect supporting Plaintiff's claims, Myrtha refers to and incorporates its Counterclaims regarding misrepresentations and omissions concerning specification compliance and backfill conditions that bar or limit Plaintiff's recovery. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 15.

16.     As to paragraph 16 of Plaintiff's Complaint, Myrtha denies that it entered into a legally binding and enforceable contract obligating it to compensate Plaintiff in a not-to-exceed amount of $298,680.00, and denies that it agreed to pay Plaintiff the amounts claimed. Myrtha

6

admits that it has not paid the invoices identified by Plaintiff, but denies that any nonpayment constitutes a breach or is wrongful because Myrtha disputes Plaintiff's entitlement to payment and contends Plaintiff's claims are barred and/or limited as set forth in Myrtha's Answer, Affirmative Defenses, and Counterclaims. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 16.

## COUNT I: BREACH OF CONTRACT

17.     No response is required to paragraph 17 of Plaintiff's Complaint.

18.     As to paragraph 18 of Plaintiff's Complaint, Myrtha admits that Plaintiff and Defendant were capable of contracting. Myrtha denies that Plaintiff and Defendant entered into any legally binding and enforceable contract obligating Myrtha to pay the amounts claimed, and further denies that any alleged agreement has the effect claimed by Plaintiff for the reasons set forth in Myrtha's Answer, Affirmative Defenses, and Counterclaims. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 18

19.     Myrtha denies the allegations of paragraph 19. Myrtha denies that the parties mutually consented to any binding contract obligating Myrtha to pay Plaintiff the amounts claimed, denies that any purported consent was free, mutual, and communicated such that the parties agreed upon the same thing in the same sense, and denies that there was a meeting of the minds on material terms. To the extent Plaintiff contends otherwise, Myrtha alleges that any purported agreement was induced by misrepresentations and/or material omissions concerning Project specification compliance and backfill conditions, and is therefore void or voidable, as more fully alleged in Myrtha's Counterclaims below. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 19.

20.     Myrtha denies the allegations of paragraph 20. Myrtha denies that it agreed through any lawful, legally binding, and enforceable contract with Plaintiff to provide payment in the amount of $298,680.00 or any amount. Myrtha further denies that Plaintiff's alleged "construction services" and charges were necessary to complete the Project due to any act or omission of Myrtha, and denies that the scope, pricing, documentation, and reasonableness of Plaintiff's claimed charges were mutually agreed upon. To the extent Plaintiff contends an enforceable agreement exists, Myrtha alleges that any such agreement is void or voidable based on misrepresentations and/or material omissions regarding specification compliance and backfill conditions, as more fully alleged in Myrtha's Counterclaims below. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 20.

21.     Myrtha admits that Plaintiff performed certain work at the Project during the period described in the Complaint. Myrtha denies that Plaintiff fully performed its obligations under any enforceable contract with Myrtha, denies that Plaintiff's work and charges were reasonable, necessary, or recoverable as alleged, and denies that Plaintiff performed in a manner that entitles it to the relief sought. Myrtha further contends that the conditions giving rise to remediation were within the scope of responsibility of Plaintiff and/or other contractors over whom Plaintiff exercised control or oversight in its alleged role as Construction Manager and Advisor, as more fully alleged in Myrtha's Counterclaims below. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 21.

22.     Myrtha denies the allegations of paragraph 22. Myrtha denies that it breached any contract with Plaintiff, denies that any contract existed as alleged, and denies that any nonpayment constitutes a breach or is wrongful because Myrtha disputes Plaintiff's entitlement to payment. To the extent Plaintiff contends a contract exists, Myrtha alleges any such agreement is void or

voidable due to misrepresentations and/or material omissions, and further alleges that Plaintiff's recovery is barred or limited for the reasons set forth in Myrtha's Answer, Affirmative Defenses, and Counterclaims. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 22

23.     Myrtha denies the allegations of paragraph 23. Myrtha denies that Plaintiff sustained damages in the amount alleged or any amount attributable to Myrtha, denies that Plaintiff is entitled to recover attorneys' fees, and denies that Plaintiff is entitled to any relief beyond what is expressly permitted by statute or an enforceable written agreement. Myrtha further denies that any alleged damages were proximately caused by any act or omission of Myrtha. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 23.

## COUNT II: UNJUST ENRICHMENT

24.     No response is required to paragraph 24 of Plaintiff's Complaint.

25.     Myrtha denies the allegations of paragraph 25 to the extent they allege that Plaintiff conferred a compensable benefit upon Myrtha or that Myrtha was enriched by Plaintiff's alleged services. Myrtha admits only that Plaintiff performed certain work at the Project, but denies that such work was performed for Myrtha's benefit, denies that any alleged benefit was unjustly retained by Myrtha, and denies that Plaintiff's time, materials, or services were reasonable, necessary, or recoverable from Myrtha as alleged. Myrtha further contends that any work performed by Plaintiff was performed for the benefit of the owner/project and/or to address conditions within the scope of responsibility of Plaintiff and/or other contractors, as more fully alleged in Myrtha's Counterclaims below. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 25.

26.    Myrtha denies the allegations of paragraph 26. Myrtha denies that it knowingly received and retained any value from Plaintiff without compensation under circumstances making retention inequitable, and denies that Plaintiff has been "impoverished" as alleged. Myrtha further denies that Plaintiff is entitled to compensation from Myrtha for the reasons set forth in Myrtha's Answer, Affirmative Defenses, and Counterclaims, including because Plaintiff's claims arise from misrepresentations and omissions concerning specification compliance and backfill conditions and because Plaintiff's work addressed conditions outside Myrtha's scope of work and responsibility. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 26.

27.    Myrtha denies the allegations of paragraph 27, including that there is a legally cognizable connection between any alleged enrichment of Myrtha and any alleged impoverishment of Plaintiff. Myrtha further denies that any alleged enrichment and impoverishment, to the extent they exist, are attributable to any act or omission of Myrtha rather than the acts or omissions of Plaintiff and/or other project participants. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 27.

28.    Myrtha denies the allegations of paragraph 28. Myrtha denies that there is an absence of justification for Plaintiff's claimed losses or for Myrtha's position disputing Plaintiff's entitlement to payment. Myrtha further denies that equity requires restitution to Plaintiff, including because Plaintiff's claims are barred or limited by Plaintiff's own conduct and by the circumstances giving rise to the remediation, as more fully alleged in Myrtha's Affirmative Defenses and Counterclaims. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 28.

29.    Myrtha denies the allegations of paragraph 29 to the extent they assert that Plaintiff lacks an adequate remedy at law or is entitled to proceed on unjust enrichment as alleged. Myrtha

states that Plaintiff's unjust enrichment claim is barred or limited to the extent an express contract governs the subject matter of Plaintiff's claims, and further denies that Plaintiff is entitled to equitable relief against Myrtha under the circumstances alleged. Except as expressly admitted, Myrtha denies the remaining allegations of paragraph 29

30.     Myrtha denies the allegations contained in paragraph 30 of Plaintiff's Complaint, including subparagraphs A-C, and denies that Plaintiff is entitled to recover damages in any amount, attorneys' fees, costs or disbursements, or pre- or post-judgment interest as alleged, or to any legal or equitable relief. Myrtha further denies that Plaintiff is entitled to any relief for the reasons set forth in Myrtha's Answer, Affirmative Defenses, and Counterclaims.

## AFFIRMATIVE DEFENSES

31.     Without assuming any burden not otherwise imposed by law, Defendant A&T Europe S.p.A. d/b/a Myrtha Pools USA, Inc. ("Myrtha") asserts the following affirmative defenses:

32.     Failure to State a Claim.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

33.     No Enforceable Contract / Lack of Mutual Assent.  Plaintiff cannot establish the existence of a valid and enforceable contract obligating Myrtha to pay the remediation costs alleged in the Complaint.

34.     Lack of Consideration / Failure of Consideration.  Any alleged agreement is unenforceable for lack or failure of consideration.

35.     Fraudulent Inducement / Misrepresentation.  To the extent Plaintiff contends an agreement exists, such agreement is void or voidable because it was induced by false

11

representations and/or material omissions regarding compliance with Project specifications, including backfill selection and installation.

36.    Mutual Mistake / Unilateral Mistake Induced by Misrepresentation.  Any alleged agreement was entered into under a mutual mistake of material fact, or under a unilateral mistake induced by Plaintiff's representations.

37.    Prior Material Breach by Plaintiff.  Plaintiff's claims are barred, in whole or in part, by Plaintiff's own prior material breach, including failures to comply with Project specifications and/or properly oversee and coordinate construction activities.

38.    Failure of Conditions Precedent.  Plaintiff has failed to satisfy conditions precedent required to recover under any alleged agreement.

39.    Failure to Mitigate Damages.  Plaintiff failed to take reasonable steps to mitigate its alleged damages.

40.    Setoff and Recoupment.  Any recovery by Plaintiff must be reduced by amounts attributable to Plaintiff's own conduct and/or damages incurred by Myrtha as a result of Plaintiff's actions or omissions.

41.    Fault of Others / Intervening Cause.  The damages alleged, if any, were caused in whole or in part by the acts or omissions of Plaintiff and/or third parties over whom Myrtha had no control, including contractors responsible for site preparation and backfill.

42.    No Unjust Enrichment.  Plaintiff's unjust enrichment claim is barred because: (a) an express contract governs the subject matter, if one exists; (b) Plaintiff has an adequate remedy at law; and/or (c) Plaintiff did not confer a benefit upon Myrtha under circumstances making retention inequitable.

43.     Voluntary Payment Doctrine.  To the extent Plaintiff incurred costs voluntarily and without legal compulsion, recovery is barred.

44.     Estoppel.  Plaintiff is estopped from asserting its claims due to its own representations, conduct, and course of dealing.

45.     Waiver.  Plaintiff waived any right to recover the amounts claimed through its conduct and course of performance.

46.     Unclean Hands.  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

47.     Good Faith (UCC).  To the extent this action involves a contract for the sale of goods, the transaction is governed in whole or in part by Article 2 of the Uniform Commercial Code. Plaintiff's claims are barred, in whole or in part, by its failure to act in good faith in the performance and enforcement of any alleged agreement, including by seeking to shift responsibility for nonconforming site work and backfill conditions to a supplier outside its scope of work.

48.     Acceptance and Failure of Timely Notice.  To the extent governed by Article 2 of the Uniform Commercial Code, Plaintiff accepted the goods and failed to provide timely and adequate notice of any alleged breach, thereby barring or limiting recovery.

49.     Course of Performance / Modification.  Any alleged contractual terms were modified, waived, or supplemented by the parties' course of performance and course of dealing.

50.      Compliance with Specifications / Improper Installation.  To the extent goods supplied conformed to the specifications provided, Defendant is not liable for damages resulting from improper installation, site conditions, or deviation from specifications by others.

51.     Owner/Design Responsibility for Specifications and Site Conditions. To the extent Plaintiff's claims are based on alleged nonconformance with Project plans and specifications and/or site conditions (including backfill), Defendant alleges such plans/specifications and site-condition requirements were established, directed, and/or controlled by the owner/design team and implemented by contractors under Plaintiff's coordination/oversight, and Defendant is not responsible for losses caused by defective, inadequate, or nonconforming plans/specifications, site conditions, or their implementation by others.  This defense includes any applicable common-law implied warranty principles regarding owner-furnished plans and specifications.

52.     Attorneys' Fees Not Recoverable.  Plaintiff is not entitled to recover attorneys' fees absent a statute or enforceable contractual provision.

53.     Reservation of Rights.  Myrtha reserves the right to assert additional affirmative defenses as they become known through discovery.  Myrtha expressly reserves all rights to assert claims for contribution, indemnity, or other relief against any third parties, including Fargo Park District and/or other project participants, as discovery may reveal.

**COUNTERCLAIMS**

54.     Defendant/Counterclaim Plaintiff A&T Europe S.p.A. d/b/a Myrtha Pools USA, Inc., by counsel, asserts the following Counterclaims against Plaintiff/Counterclaim Defendant Gast Construction Company, Inc.

**PARTIES**

55.     Plaintiff Gast Construction Co., Inc. ("Gast") is a North Dakota corporation with a principal address of 1722 17th Avenue North, Wahpeton, North Dakota 58074.

56.     A&T Europe S.p.A. is an Italian società per azioni with its principal place of business in Italy. Myrtha Pools USA, Inc. is a separate Florida corporation and the wholly-owned

U.S. operating subsidiary of A&T Europe S.p.A.  For purposes of these Counterclaims, A&T Europe S.p.A. and Myrtha Pools USA, Inc. are collectively referred to as "Myrtha," except where distinction is required.

## JURISDICTION AND VENUE

57.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

58.    This Court has supplemental jurisdiction over these Counterclaims under 28 U.S.C. § 1367 because they arise out of the same transaction or occurrence as Plaintiff's claims.

59.    The Court has authority to grant declaratory relief under 28 U.S.C. § 2201.

60.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and this action is pending in this District.

## FACTUAL BACKGROUND

61.    This dispute arises out of the construction and subsequent remediation of the Island Park Competition Pool project (the "Project") for the Fargo Park District in Fargo, North Dakota ("Fargo Park District").

62.    Gast served as Construction Manager and Advisor for the Project and, in that role, was responsible for coordinating construction activities and trades, overseeing subcontractor work and specification compliance, and identifying, documenting, and addressing nonconforming work, including site preparation and backfill conditions adjacent to the pool structure, and communicating to affected project participants—including downstream installers and suppliers— known or reasonably discoverable nonconforming conditions that could impact installation or performance.

15

63.     Associated Pool Builders, Inc. served as a subcontractor responsible for installation of pool components.

64.     Myrtha's role in the Project was limited to supplying prefabricated pool panels and related materials. Myrtha did not control site preparation, did not design the Project's geotechnical conditions, and did not select or install backfill material behind the pool walls.  Myrtha reasonably expected that the Project team-including Gast in its Construction Manager/Advisor role-would ensure that site conditions and installation work performed by others complied with the Project specifications and were suitable for Myrtha's supplied components.

65.     Installation of the pool wall panels began in September 2023 and was completed in December 2023. Backfilling behind the pool walls was performed thereafter by contractors other than Myrtha.

66.     In approximately July 2024, deformation was observed in portions of the pool wall panels at the Project.

67.     Myrtha promptly retained independent structural engineers, including Bennett & Pless, to investigate the cause of the deformation.

68.     Engineering analysis determined that the deformation resulted from forces greater than those contemplated in the Project's geotechnical and design specifications.

69.     During this period, Gast and other Project participants repeatedly represented to Myrtha that the Project - including the selection and placement of backfill materials - had been constructed in full compliance with the Project's plans and specifications.

70.     Myrtha raised concerns that improper backfill material or installation may have contributed to the damage. Gast and others rejected those concerns and affirmatively represented that all work complied with specifications.

71.    In reliance on Gast's representations, Myrtha agreed to assist with remediation efforts as an accommodation to the Fargo Park District and other contractors. Myrtha's participation was not an admission of liability and was not based on any enforceable agreement obligating Myrtha to pay for remediation caused by others.

72.    Separate and apart from any representations, to the extent backfill and related site work did not comply with the Project specifications, such nonconformance was outside Myrtha's scope and control. Myrtha would not have agreed to participate in remediation or incur substantial costs to address nonconforming site work absent the Project team's representations, conduct, and omissions that reasonably conveyed the site work and backfill conditions were being performed and managed in accordance with the Project requirements.

73.    Myrtha commissioned engineering reports, procured replacement materials, and undertook substantial remediation-related activities.

74.    After remediation began, it became clear that Gast's representations were false.

75.    Specifically, the backfill material used behind the pool walls did not match Project specifications and was not installed in accordance with manufacturer's requirements.

76.    These deviations materially altered the loads applied to the pool wall panels and directly contributed to the deformation.

77.    Had Myrtha known that Project specifications had not been followed, Myrtha would not have agreed to participate in remediation efforts.

78.    As a result of Gast's conduct and misrepresentations, Myrtha incurred damages exceeding $750,000, including engineering, investigation, procurement, and remediation costs.

79.    Gast has nevertheless demanded that Myrtha pay for remediation work performed by Gast and its subcontractors.

80. Myrtha denies that any enforceable contract existed which required Myrtha to pay such costs.

81. An actual controversy exists between the parties concerning the existence of a contract and the parties' rights and obligations regarding the same.

## COUNT 1: DECLARATORY JUDGMENT

82. Myrtha incorporates the preceding paragraphs as if fully restated herein.

83. Gast contends that Myrtha agreed to pay for remediation work and seeks to recover remediation costs from Myrtha.

84. Myrtha denies that it entered into any enforceable contract obligating it to pay for remediation caused by Gast's failure to follow Project specifications.

85. Any participation by Myrtha in remediation was voluntary and undertaken in reliance on Gast's representations, not pursuant to a binding contract.

86. In the alternative, to the extent the Court finds any December 2024 document(s) or remediation payment arrangement constitutes a contract between the parties, Myrtha is entitled to a declaration that such agreement is void or voidable due to misrepresentation and/or mistake and is subject to rescission.

87. An actual and justiciable controversy exists regarding the parties' respective rights and obligations.

88. Myrtha is entitled to a declaration that:

    A. No enforceable contract obligates Myrtha to pay Gast's remediation costs;

    B. Myrtha has no legal obligation to reimburse Gast for remediation; and

    C. Gast is not entitled to recover damages from Myrtha.

## COUNT 2: DECEIT / FRAUDULENT MISREPRESENTATION

89. Myrtha incorporates the preceding paragraphs as if fully restated herein.

18

90.     Gast made material representations to Myrtha, including that the Project was constructed in accordance with Project specifications, including specifications governing backfill material and installation.

91.     In the alternative, and/or in addition, Gast's misconduct consisted of concealment and material omissions and/or misleading half-truths - failing to disclose nonconforming site work/backfill conditions and failing to correct the impression that such work was compliant - despite Gast's role and access to information as Construction Manager/Advisor and despite knowing, or acting with reckless disregard for whether, Myrtha would rely on the Project team's oversight and representations when deciding whether to incur substantial remediation costs.

92.     Those representations were false.

93.     Gast knew or should have known these representations were false or made them with reckless disregard for their truth.

94.     Gast intended that Myrtha rely on these representations.

95.     Myrtha reasonably relied on Gast's representations when agreeing to participate in remediation efforts.

96.     As a direct and proximate result, Myrtha incurred damages exceeding $750,000.

97.     Gast's conduct was willful, fraudulent, and in reckless disregard of Myrtha's rights.

98.     Myrtha is entitled to recover compensatory damages, consequential damages, and all other damages permitted by law.

## COUNT 3:  NEGLIGENT MISREPRESENTATION

99.     Myrtha incorporates the preceding paragraphs as if fully restated herein.

100.    In the alternative, Gast supplied false information to Myrtha in the course of its business concerning compliance with Project specifications.

101.    Gast failed to exercise reasonable care in obtaining, verifying, and/or communicating that information.

102.    Myrtha justifiably relied on Gast's representations.

103.    Myrtha suffered substantial financial losses as a result.

104.    Gast is liable for negligent misrepresentation.

### COUNT 4:  UNJUST ENRICHMENT

105.    Myrtha incorporates the preceding paragraphs as if fully restated herein.

106.    Myrtha provided engineering, materials, and remediation efforts that conferred a direct benefit on Gast, including relieving Gast of costs, responsibilities, and potential exposure it otherwise faced in connection with the remediation and completion of the Project.

107.    Gast accepted, used, and retained those benefits under circumstances that reasonably notified Gast that Myrtha expected not to bear remediation costs caused by specification noncompliance and backfill conditions outside Myrtha's scope.

108.    It would be inequitable for Gast to retain those benefits without compensating Myrtha for the same.

109.    Gast has been unjustly enriched at Myrtha's expense.

### COUNT 5:  THIRD PARTY BENEFICIARY

110.    Myrtha incorporates the preceding paragraphs as if fully restated herein.

111.    Fargo Park District and Gast entered into one or more agreements pursuant to which Gast served as Construction Manager and Advisor for the Project, including responsibilities relating to coordination, oversight, specification compliance, and identification and communication of nonconforming work affecting downstream installation and performance.

112. Myrtha was an intended third-party beneficiary of Gast's obligations under such agreement(s), including obligations intended to protect downstream project participants-such as suppliers and subcontractors-from nonconforming site conditions and work that would foreseeably impact installation and performance of supplied pool components.

113. Under the Construction Manager/Advisor agreement(s), Gast's responsibilities included duties intended to protect downstream project participants-including suppliers-from nonconforming site conditions and work that would foreseeably impair installation or performance of supplied components, including by coordinating trades, monitoring specification compliance, and identifying and timely communicating nonconforming work and site conditions affecting the pool structure.

114. Gast breached its obligations under such agreement(s), including by failing to ensure compliance with Project specifications and/or failing to identify and timely communicate nonconforming site work and backfill conditions affecting the pool structure.

115. As a direct and proximate result of Gast's breach, Myrtha incurred damages, including costs and expenses associated with investigation, engineering, remediation efforts, and other consequential losses, in an amount exceeding $750,000.

**PRAYER FOR RELIEF**

116. WHEREFORE, Myrtha respectfully requests judgment in its favor and against Gast that orders and/or declares the following:

A. Gast's Complaint be dismissed without prejudice and without costs.

B. Myrtha has no contractual obligation to pay Gast's remediation costs or in the alternative, rescission and/or a declaration of rescission/avoidance of any alleged remediation agreement to the extent one is found to exist;

C.        Myrtha is entitled to compensatory damages in an amount to be proven at trial, including at least $750,000.

D.        Myrtha is entitled to an award of consequential damages to be proven at trial;

E.        Myrtha is entitled to pre-judgment and post-judgment interest;

F.        Myrtha is entitled to attorney's fees and costs as permitted by law; and

G.        Awarding such other and further relief as the Court deems just and proper.

Dated: March 3, 2026.

*/s/ Joel M. Fremstad*
Joel M. Fremstad (ND ID 05541)
FREMSTAD LAW FIRM
P.O. Box 3143
Fargo, North Dakota 58108-3143
Phone: (701) 478-7620
joel@fremstadlaw.com
ATTORNEYS FOR DEFENDANT